**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

|  |  |
|---|---|
| VAULT VENTURES LLC, | ) |
|  | ) |
|         Plaintiff/counterclaim defendant, | ) Civil Action No. 1:14-cv-6861 |
|  | ) |
| v. | ) Judge Jorge L. Alonso |
|  | ) |
| TIMOTHY COBB, | ) |
|  | ) |
|         Defendant/counterclaim plaintiff, | ) |
|  | ) |
| and | ) |
|  | ) |
| SKYBOXX SPORTS LLC, | ) |
|  | ) |
|         Additional counterclaim plaintiff. | ) |
|  | ) |

_____)

**COBB'S AND SKYBOXX'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR**
**SUMMARY JUDGMENT AND SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

Additional counterclaim plaintiff SkyBoxx Sports LLC ("SkyBoxx") and defendant-counterclaim plaintiff Timothy Cobb (collectively "Cobb") move for summary judgment on the claims of Vault Ventures, LLC ("Vault") and for sanctions pursuant to 28 U.S.C. § 1927. From the inception of this litigation, Vault has lacked the capacity to file and maintain this lawsuit. Moreover, as early as May 6, 2015, counsel for Vault has been on notice of this fatal flaw. But instead of immediately dismissing this action, Vault and its counsel has continued the pursuit of their frivolous claim in such a manner as to constitute harassment and abuse.

**I.      FACTUAL BACKGROUND**

In its complaint, Vault alleged that it was "an Illinois liability [sic] company with a place of business in Chicago, Illinois." (Doc. 1, ¶ 1) In its reply to Cobb's and SkyBoxx's

counterclaim, Vault admitted that it was an Illinois limited liability company, and in its counterclaim against SkyBoxx, Vault again alleged that it was "an Illinois liability [sic] company with a place of business in Chicago, Illinois." (Doc. 12 at 1, ¶ 3; at 4, ¶ 1)

On April 23, 2015, SkyBoxx moved for leave to file an amended counterclaim to correct certain factual allegations. (Doc. 21) On May 6, 2015, while SkyBoxx's motion for leave to amend was pending, Vault admitted for the first time that it was a Delaware limited liability company, rather than an Illinois limited liability company. The Court granted the motion for leave to amend on May 14, 2015. (Doc. 27) On May 18 and 19, 2015, Cobb's counsel asked Vault's attorney if Vault intended to amend its pleadings to reflect Vault's true state of organization. (Declaration of Marianne Holzhall ("Holzhall Dec."), ¶ 2 and Ex. 1) Vault's attorney did not respond. (*Id.*)

Because of the uncertain nature of Vault's corporate status, SkyBoxx and Cobb did not file the proposed amended counterclaim. Nevertheless, on May 26, 2015, Vault filed its response to the unfiled counterclaim. (Doc. 29) Vault's response states, "Vault is a Delaware LLC with a principal place of business in Chicago, Illinois." (*Id.*, ¶ 3) Upon further investigation, Cobb and SkyBoxx discovered that Vault Ventures, LLC is a Delaware limited liability company, formed on June 26, 2013; however, the next year, Vault failed to file its annual report and pay its annual franchise tax, and therefore ceased to be in good standing as of June 1, 2014, three months before it filed this action. (Holzhall Dec., ¶ 3 and Ex. 2)

Despite its disregard of the requirements to maintain its organizational status, Vault continued to transact business in Illinois. Its principal place of business is in Chicago. (Doc. 29, ¶ 3; Holzhall Dec., ¶ 4 and Ex. 3) Vault directs its customers to remit payment to its Chicago office or to its Chicago bank. (Holzhall Dec., ¶ 5 and Ex. 4) Vault solicits business at its Chicago

- 2 -

location, and has identified Chicago as a target market for it products and services. (Holzhall Dec., ¶¶ 6, 13 and Exs. 5, 12) It has sought investments by holding itself out as an Illinois limited liability company. (Holzhall Dec., ¶ 7 and Ex. 6) Over the course of Vault's dealings with SkyBoxx and Cobb, it hosted numerous meetings and workshops at its Chicago facilities. (Holzhall Dec., ¶¶ 8-13 and Exs. 7-12) Notwithstanding all this activity at its Chicago headquarters, Vault has never registered to transact business in the State of Illinois as a foreign limited liability company. (Holzhall Dec., ¶ 14 and Ex. 13)

## II.     ARGUMENT

### A.     Vault Lacks the Capacity to Sue

Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

It is undisputed that Vault is a moribund Delaware limited liability company, and that it has never obtained authority to transact business in Illinois. It is undisputed that Vault transacts business in Illinois: Vault's offices are located in Chicago, it banks in Chicago, it targets customers in Chicago, it hosts meetings for its customers in Chicago and it demands payment from them in Chicago. The Illinois Limited Liability Company Act bars a foreign limited liability company that is transacting business in Illinois from maintaining any civil action in any court of the state unless it has been admitted to transact business in Illinois. 805 ILCS 180/45-45(a). That provision prohibits suit both in Illinois state courts and in federal district courts exercising diversity jurisdiction. *RehabCare Group East, Inc. v. Camelot Terrace, Inc.*, No. 10 C 2350, 2010 WL 5174369 *3 (N.D. Ill. Dec. 15, 2010).  The *RehabCare Group East* court

concluded that the unauthorized transaction of business within Illinois warranted dismissal of the action, rather than a stay in the hope that the plaintiff might cure the defect. 2010 WL 5174369 *5. Here, it is undisputed that Vault is "transacting business" in Illinois without being admitted to do so, and therefore cannot maintain this suit.

Like Illinois, Vault's state of organization, Delaware, prohibits a limited liability company that has ceased to be in good standing from filing or maintaining a lawsuit there. 6 Del. Code § 18-1107(l). In fact, Delaware courts deem a limited liability company's failure to maintain good standing to be an insurmountable bar to maintaining suit. In *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, Civil Action No. 13-918-RGA-MPT, 2013 WL 6493118 (D. Del. Dec. 11, 2013), the court found that the plaintiff's filing suit when it was not in good standing for failure to pay its annual tax was such a fatal flaw that it deprived the court of subject matter jurisdiction and could not be cured by the plaintiff's subsequent payment of back taxes. *Id.* at *3. Under both Illinois and Delaware law, Vault lacks capacity to sue and may not maintain its action in this Court. Vault and its counsel knew of the fundamental defect in Vault's capacity to maintain suit quite some time ago, and yet have persisted in their pursuit of a lawsuit that is dead in the water. SkyBoxx and Cobb are entitled to summary judgment on Vault's claims.

### B.    Cobb and SkyBoxx Are Entitled to Sanctions Under 28 U.S.C. § 1927.

Section 1927 authorizes sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. A court may impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice," *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 119 (7th Cir.1994); pursued a claim that is "without a plausible legal or factual basis and lacking in justification," *id.;* or "pursue[d] a path that a reasonably careful

- 4 -

attorney would have known, after appropriate inquiry, to be unsound," *Kapco Mfg. Co. v. C & O Enters., Inc.,* 886 F.2d 1485, 1491 (7th Cir.1989). Furthermore, the Seventh Circuit has interpreted § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *Dahnke v. Teamsters Local 695,* 906 F.2d 1192, 1201 n. 6 (7th Cir.1990).

A very simple and reasonable prefiling inquiry into Vault's organizational status, such as asking Vault or a quick search of the online records of the Illinois Secretary of State, would have revealed that Vault is not an Illinois limited liability company, nor is it authorized to do business in Illinois. Vault's attorney apparently elected not to do so. Nor, apparently, did he conduct a search of the online records of the Delaware Secretary of State. The absence of a reasonable prefiling investigation aside, Cobb's and SkyBoxx's counsel advised Vault's attorney of the issue surrounding Vault's capacity to maintain suit on May 6, 2015. Again, on June 2, 2015, Cobb's and SkyBoxx's motion for leave to amend their pleadings to assert Vault's lack of capacity raised the issue and was supported by case law and evidence. Regardless, Vault's counsel has not only continued to pursue this action, but to do so in an unreasonable and vexatious, if not downright abusive, manner.

Below is a just a short summary of Vault's counsel's actions:

- Vault's attorney, in bad faith, repeatedly asserted that his client is an "Illinois liability company."(Doc. 1, ¶ 1; Doc. 12 at 1, ¶ 3; at 4, ¶ 1). On May 6, 2015, after defendants' counsel pointed out that the Illinois Secretary of State had no record of Vault, Vault's counsel responded, "What is your point?" (Declaration of Annette M. McGarry, ¶ 2) Later that day, Vault's counsel admitted his client was a Delaware limited liability company and acknowledged that he was not aware whether Vault was authorized to do business in Illinois, without mentioning that Vault was no longer in good standing in Delaware. (*Id.*, ¶ 3)

- On May 18, 2015 Cobb's counsel sent an e-mail to Vault's attorney, asking whether Vault intended to amend its pleadings to reflect Vault's true state of organization. (Holzhall Dec., ¶ 2 and Ex. 1) Vault's attorney ignored the e-mail. (*Id.*)

- On May 7, 2015, just one day after Cobb and SkyBoxx questioned Vault's ability to file and maintain this action, Vault's counsel served written discovery comprising a total of 19 interrogatories (some with multiple subparts) directed to Cobb and SkyBoxx and 44 requests for production directed to Cobb. (Holzhall Dec., ¶¶ 15, 16, 18 and Exs. 14, 15, 17) Rather than drafting his own requests for production, however, Vault's counsel relied on word processing magic, merely copying the requests served earlier that day by the defendants, changing a few words, and sending them right back. (*Compare* Holzhall Dec., Ex. 16, Ex. 17) As a result, Vault's requests included demands that Cobb and SkyBoxx produce "all documents referring or relating to Timothy Cobb" and "all documents referring to defendants." Vault's counsel rebuffed the defendants objections that the requests were hopelessly overbroad, instead he shifted the burden back to defendants by stating, "Please identify each specific request you believe is overly broad. In addition, state with particularity the reasons for your belief that the identified request is overly broad..." (Holzhall Dec., ¶ 19, Ex. 18) Any attorney familiar with discovery practice would have known that these tactics were potentially sanctionable, but Vault's attorney charged right on ahead.

- On May 26, 2015, Vault's counsel filed its response to the amended counterclaim that had never been filed because of the ongoing questions as to Vault's organizational status. (Doc. 29) As a result, Cobb and SkyBoxx had to devote resources to moving to strike the answer, to keep the pleadings in some semblance of order.

- Over the course of the litigation, Vault's counsel has used, interchangeably, three different email addresses and two different addresses, Takiguchi & Vogt, LLP in Oak Brook and Keith Vogt, Esq. in Oak Park. When asked to confirm his correct email address, he failed to respond. (Holzhall Dec., ¶ 22 and Ex. 21). According to Illinois Secretary of State records, Takiguchi & Vogt, LLP expired on May 13, 2015. (Holzhall Dec., ¶ 20, Ex. 19) However, Mr. Vogt continued to use the Takiguchi and Vogt, LLP name and address on correspondence, including May 14, 2015 email correspondence with the Court and June 8, 2015 email correspondence with defendants' counsel. (Holzhall Dec., ¶¶ 21, 22 and Exs. 20, 21) Apart from the ethical implications,[1] communication with opposing counsel should not require the use of every current and former address in the hope that one will connect.

- On June 8, 2015, the parties exchanged their responses to written discovery. Though Cobb and SkyBoxx had requested "All documents concerning or relating to the incorporation and corporate status of Vault, including without limitation any documents filed with the Secretaries of State of Illinois or Delaware," Vault has not produced documents responsive to this request, either ignoring or consciously attempting to conceal the fatal defect it Vault's case. Moreover, the majority of Vault's 1,700-page production consists of randomly arranged emails (including

---

[1] Model Rule of Professional Conduct 7.5 provides that a lawyer shall not use a professional designation that is misleading, or imply that he practices in a partnership when that is not the case.

numerous duplicates, incomplete email threads and references to attachments that were omitted from the production), as well as a PowerPoint presentation on oil fracking, which has nothing to do with the claims or defenses in this case.

• Despite Vault's own failings in discovery, Vault's counsel demanded an immediate and premature meet and confer regarding SkyBoxx's interrogatory responses, one of which cited documents that SkyBoxx was preparing to produce and one that SkyBoxx agreed to supplement following additional discovery. (Holzhall Dec. ¶ 22 and Ex. 21)

In short, Vault's counsel has known for more than a month that Vault lacks the capacity to file and maintain this lawsuit, and has not only continued to pursue it, but to do so in a manner that can be described only as unreasonable and vexatious. Therefore, Cobb and SkyBoxx ask that the Court require Vault's attorney to satisfy the attorneys' fees and costs incurred since the filing of this frivolous lawsuit

### III. CONCLUSION

For the foregoing reasons, Cobb and SkyBoxx respectfully request that Court grant its motion for summary judgment and award them their attorneys' fees and costs incurred in connection with this suit, pursuant to 28 U.S.C. § 1927.

Dated:  June 22, 2015                    Respectfully submitted,

/s/ Annette M. McGarry
Annette M. McGarry (IL #6205751)
Marianne C. Holzhall (IL #6204057)
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 345-4600
Email: amm@mcgarryllc.com

Richard J. Oparil (N.D. Ill. Bar No. 409723)
PORZIO, BROMBERG & NEWMAN P.C.
1200 New Hampshire Avenue, NW
Washington, DC 20036
(202) 517-1888
Email: rjoparil@pbnlaw.com

*Counsel for Defendant/Counterclaim Plaintiff Timothy Cobb and Additional Counterclaim Plaintiff SkyBoxx Sports LLC*

Of Counsel:

Kevin M. Bell
Caroline C. Maxwell
PORZIO, BROMBERG & NEWMAN P.C.
1200 New Hampshire Avenue, NW
Washington, DC 20036
(202) 517-1888