# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VAULT VENTURES LLC, | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | 14 C 6861 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| TIMOTHY COBB, | ) | |
| | ) | |
| Defendant/Counter-plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SKYBOXX SPORTS LLC, | ) | |
| | ) | |
| Counter-plaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

The parties sue one another for breach of a contract to produce a mobile game application. The case is before the Court on Vault Ventures LLC's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment and Timothy Cobb and Skyboxx Sports LLC's motion for summary judgment and sanctions. For the reasons set forth below, the Court denies both motions.

## Facts

Vault is a Delaware limited liability company ("LLC"), whose only member is Eric Smith, a citizen of Illinois. (Vault Offer of Proof, Smith Decl. ¶¶ 1-2.) Timothy Cobb is a citizen of Georgia, and is the only member of Skyboxx. (Cobb & Skyboxx Offer of Proof, Cobb Decl. ¶¶ 1-2.)

On June 2, 2014 Cobb and Vault entered into a contract for the development of a mobile game application called "Fantasy Island Football." (Cobb Decl. ¶ 2; *id.*, Ex. B, Proposal.)[1] The contract

---

[1]Cobb says that he engaged Vault "[o]n behalf of Skyboxx." (Cobb Decl. ¶ 2.) However, the proposal states that is for "Tim Cobb and FIF Media," and Vault's invoices are addressed to "FIF Media Attn, Tim Cobb." (*See id.*, Ex. B, Proposal; Holzhall Decl. Ex. 11, Invoices.) There is

"target[ed] . . . August 25th as the Full Release Date" and required Cobb to pay Vault a total of $150,000.00 – an initial deposit of $40,000.00 and "Completion of 2 Week Iteration (x6) - $18,333." (*Id.* at 9.) It states that "[a]ll invoices are payable within thirty (10) [sic] days of receipt." (*Id.* at 11.)

On June 3, 2014, Vault sent Cobb an invoice for the deposit, which Cobb paid on June 10. (Holzhall Decl., Ex. 11, Invoice No. 1; Cobb & Skyboxx's Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 10.)

Thereafter, Vault designed the mobile application and, on June 16, 2014, hired Vault Innovation Group LLC ("VIG") to build the prototype. (Cobb & Skyboxx's Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 3, 11.)

On June 30, 2014, Vault issued invoice No. 2 to Cobb in the amount of $18,333.00, which Cobb never paid. (*Id.* ¶ 6;[2] Holzhall Decl., Ex. 11, Invoice No. 2.)

On July 18, 2014, Vault says, it gave a working prototype to Cobb; Cobb says the prototype did not work. (Cobb & Skyboxx's Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 11.)

On July 24, 2014, Vault told Cobb it was putting the project on hold because it had not received payment from Cobb. (Holzhall Decl., Ex. 8, 7/24/14 Email from Smith to Cobb.) On August 2, 2015, Cobb offered Vault $31,800 as full payment of Cobb's obligation, an offer that Vault rejected. (*Id.*, Ex. 7, 8/2/14 Emails from Cobb to Dibble & from Dibble to Cobb.)

This suit followed.

---

no indication in the record that Skyboxx is the successor to FIF Media or otherwise has any interest in the contract. Accordingly, the Court dismisses Skyboxx's breach of contract claims against Vault for lack of standing. *See Caswell v. Zoya Int'l, Inc.*, 654 N.E.2d 552, 554 (Ill. App. Ct. 1995) (stating that "there is a strong presumption that the parties to a contract intend [its] provisions . . . to apply only to them, and not to third parties" and a third party has standing to sue under a contract, only of the "[was] undertaken for the [third party's] direct benefit and the contract . . . affirmatively make[s] this intention clear") (citation and quotation omitted).

[2]Cobb and Skyboxx dispute some of the facts asserted in this paragraph but not those recited here.

**Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court views all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

**Capacity to Sue**

The Illinois Limited Liability Company Act states that "[a] foreign limited liability company transacting business in this State may not maintain a civil action in any court of this State until the limited liability company is admitted to transact business in this State." 805 Ill. Comp. Stat. 180/45-45(a). It is undisputed that Vault is a foreign LLC and that it is not registered to transact business in Illinois. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1, 12.) Thus, Cobb and Skyboxx say, Vault cannot prosecute this suit.

The Illinois Supreme Court rejected this argument in an analogous case, *Textile Fabrics Corp. v. Roundtree*, 233 N.E.2d 376 (Ill. 1968). The plaintiff in *Roundtree* was a Massachusetts corporation who sued an Illinois resident for his failure to pay for goods he had purchased from plaintiff. *Id.* at 123. Defendant successfully moved to dismiss, arguing that plaintiff lacked the capacity to sue because it did not have permission to transact business in Illinois, as required by the Business Corporation Act. *Id.*; *see* 805 Ill. Comp. Stat. 5/13.70(a) ("No foreign corporation transacting business in this State without authority to do so is permitted to maintain a civil action in any court of this State,

until the corporation obtains that authority."). The Illinois Supreme Court reversed, reasoning that the state law could not prevent an out-of-state plaintiff from suing in an Illinois court without running afoul of the Commerce Clause:

> It is a familiar rule that the legislature has power to impose such conditions as it may choose upon foreign corporations for the exercise of powers and privileges in this State . . . . This power of the legislature is, however, subject to the restriction contained in section 8 of article I of the Constitution of the United States, which grants to Congress the power to regulate commerce among the several States. . . . Our statutes relative to foreign corporations cannot be given effect in such a way as to impede the Federal authority and responsibility to insure the free flow of interstate commerce.

*Roundtree*, 233 N.E.2d at 378 (quotation omitted); *Browning, Ektelon Div. v. Williams*, 628 N.E.2d 878, 881 (Ill. App. Ct. 1993) (citing *Roundtree* and stating that "standing to sue cannot be denied to a foreign corporation when the basis of the lawsuit is a transaction involving interstate commerce").

Though *Roundtree* was decided in the context of the Business Corporation Act, its rationale applies equally to the nearly-identical provision of the Limited Liability Company Act at issue here. Because there is no dispute that this lawsuit arises out of interstate commerce, *i.e.*, a contract between citizens of Illinois and Georgia, under the logic of *Roundtree*, Vault has the capacity to sue in an Illinois court.

**Breach of Contract**

To prevail on a contract claim under Illinois law,[3] a party must prove: "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)).

---

[3]"Because the parties agree that Illinois law applies to this case and because that choice of law is reasonable, this court will follow Illinois law." *SNACI, s.r.l. v. Ill. Found. Seeds, Inc.*, 830 F.2d 90, 92 n.1 (7th Cir. 1987).

4

Both parties contend that they substantially performed their obligations and that the other party breached its obligations. However, it is impossible, on the record before the Court, to determine which party is correct because: (1) the parties dispute whether Vault delivered a working prototype to Cobb on July 18; and (2) it is not clear whether Cobb's payment of invoice No. 2 was due thirty days or ten days after its June 30 issuance, *i.e.*, before or after the prototype was delivered. In short, the undisputed facts do not establish that either side is entitled to a judgment as a matter of law on their contract claims.[4] Accordingly, both motions for summary judgment are denied.

**Sanctions**

Cobb and Skyboxx seek sanctions against plaintiff's counsel pursuant to 28 U.S.C. § 1927 for his unjustified prosecution of a suit that Vault had no capacity to file. Given that the Court has rejected the lack-of-capacity argument, the motion for sanctions is denied.

**Conclusion**

For the reasons set forth above, the Court dismisses Skyboxx's contract claims against Vault and Cobb's claim for declaratory relief and denies both Vault's and Cobb's motions for summary judgment [71 & 78]. A status hearing is set for this case on February 10, 2016 at 9:30 a.m.

**SO ORDERED.**                                             **ENTERED: February 3, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**

---

[4] Because Cobb does not address his claim for declaratory judgment, the Court deems him to have abandoned it.

5